IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUJIFILM NORTH AMERICA CORPORATION, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>PLR IP HOLDINGS, LLC, a Delaware limited liability company, and PLR BRAND SERVICES, LLC, a Delaware limited liability company,<br><br>Defendants. | Civil Action No.:_____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff FUJIFILM North America Corporation ("FUJIFILM" or "FNAC"), by and through its attorneys, for its Complaint against Defendants PLR IP Holdings, LLC and PLR Brand Services, LLC (together referred to herein as "PLR" or "Defendants"), hereby alleges as follows:

**PRELIMINARY STATEMENT**

Polaroid was at one time a great American success story. Its instant cameras and film debuted in 1947 and the company enjoyed considerable commercial success for decades. Ultimately, technology evolved, and Polaroid failed to adapt to newer digital technologies. Its sales dropped precipitously, resulting in bankruptcy filings in 2001 and 2008, mass layoffs, factory closures, and the discontinuation of many product lines.

Unable to return to profitability through product sales, Defendants now seek to generate revenue from what remains of the Polaroid intellectual property portfolio. Although the patents for Polaroid's instant cameras and film expired decades ago,

Defendants have decided to turn against FUJIFILM, by suddenly demanding millions of dollars in annual royalty payments, on threat of a lawsuit. The basis for this demand is Defendant's assertion that FUJIFILM – whose corporate parent has manufactured and sold its own instant film since the early 1980s – is now infringing Defendants' purported trademark and trade dress rights by using a square shape for the paper border surrounding the instant photographs that emerge from FUJIFILM'S own instant cameras. Defendants purport to own exclusive rights in a purported "Border Logo" (which Polaroid described to the Patent and Trademark Office as "one rectangle inside another with a larger border below the inner rectangle)" depicted as follows:



Defendants have made this assertion of infringement knowing full well that FUJIFILM has imported and sold instant film that has looked much the same for many years. The flimsy rationale for Defendants' sudden stated concern is that a new FUJIFILM instant film product line launched in April 2017 has a photographic border that is a "square within a square".

Defendants' assertions of infringement are disingenuous, because, notwithstanding their ownership of trademark registrations, Defendants own no protectable rights that could implicate the square white borders at issue. The shape of the

photographic borders used in FUJIFILM's instant film is purely functional as described more fully below, and in any event these borders are not used as trademarks identifying FUJIFILM's film or cameras. Given the outrageous demands and threats made by Defendants, FUJIFILM has no alternative but to seek relief in the form of a declaratory judgment of non-infringement.

## NATURE OF THE ACTION

1. This is an action for a Declaratory Judgment under 28 U.S.C. § 2201, *et seq.*, in which FUJIFILM seeks a declaratory judgment of non-infringement of alleged trademarks and trade dress rights asserted against FUJIFILM by Defendants. FUJIFILM further seeks a declaratory judgment that any alleged trademark or trade dress rights asserted by Defendants are invalid and unenforceable.

2. Defendants have asserted that FUJIFILM is infringing Defendants' alleged trademark and trade dress rights in its purported "Border Logo" – as depicted below and in U.S. Trademark Reg. Nos. 3,858,352; 4,425,870; 4,388,462; 4,304,206; 4,550,864; 5,284,186 and 5,284,187 (collectively, the "PLR Trademark Registrations") (Registration Certificates for the PLR Trademark Registrations are attached hereto as Exhibit A) – by adopting a "square within a square" form factor in connection with its line of INSTAX Square instant film as shown below.:

Defendants' Purported Polaroid "Border Logo" Trademark



FUJIFILM's INSTAX SQUARE Products





3.      Specifically, FUJIFILM seeks a declaration from this Court that its use of a "square within a square" as the form factor for its INSTAX instant film as used in connection with its line of INSTAX Square instant cameras and printers: (1) does not infringe Defendants' alleged trademark rights under 15 U.S.C. § 1114(1); (2) does not

constitute unfair competition or false designation of origin under 15 U.S.C. § 1125(a); and (3) does not constitute unfair competition or deceptive trade practices under New York state law. FUJIFILM also seeks cancellation of the PLR Trademark Registrations on the grounds that (1) the registered marks are not used in connection with the goods identified in the registrations, i.e., non-use, and (2) the design that is the subject of such registrations is functional and thus unprotectable as a matter of law.

## THE PARTIES

4. Plaintiff FUJIFILM North America Corporation is a corporation organized and existing under the laws of the State of New York with its principal place of business at 200 Summit Lake Drive, Valhalla, New York 10595.

5. Defendant PLR IP Holdings, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 4350 Baker Road, Minnetonka, Minnesota 55343.

6. Defendant PLR Brand Services, LLC – a wholly-owned subsidiary of PLR IP Holdings, LLC – is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business at 4350 Baker Road, Minnetonka, Minnesota 55343.

## JURISDICTION AND VENUE

7. This claim arises under the Declaratory Judgment Act under 28 U.S.C. §§ 2201 and 2202, and the Lanham Act, codified at 15 U.S.C. § 1114 and 1125, *et seq*.

8. This Court has original subject matter jurisdiction over FUJIFILM's federal claims pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202, 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331 and 1338, and Fed. R. Civ. P. 57.

9. This Court has personal jurisdiction over Defendants pursuant to N.Y. CPLR § 302(a)(1) because Defendants transact business within the State of New York and, upon information and belief, enter into contracts to provide goods or services in the State of New York.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## FACTUAL BACKGROUND

### I. FUJIFILM and its INSTAX® Series of Instant Cameras and Film

11. FUJIFILM is one of the premier providers of film, imaging products, photographic products, optical devices and related products and services in the U.S. For almost a decade, FUJIFILM has imported and sold instant photography products and services in the United States, including its "INSTAX" instant camera and film products, bearing the federally-registered FUJIFILM® and INSTAX® marks and/or logos. Plaintiff FUJIFILM, a wholly-owned subsidiary of FUJIFILM Corporation based in Tokyo, Japan ("FUJIFILM Tokyo") holds a broad license from FUJIFILM Corporation to market and sell INSTAX instant photography products in the United States.

12. FUJIFILM Tokyo has continuously sold instant camera and film products since the introduction of the Fotorama instant camera in Japan in 1981. It followed this by introducing the Fotorama System 800 Series in the mid-1980s (featuring greater light sensitivity, measured in "ISO" numbers), and then the ACE series in the mid-1990s.

13. In the late 1990s, FUJIFILM Tokyo introduced the INSTAX series of instant cameras and film in Japan and Europe, and following their long-term success in those regions, FUJIFILM began selling the INSTAX products in the U.S. in 2008.

14. Since its introduction in the U.S. market in 2008, the INSTAX instant film products and variants thereof have been extensively and continually used, advertised and promoted by FUJIFILM, including but not limited to, on FUJIFILM's website at www.fujifilmusa.com/northamerica, in trade journals and magazines, in catalogs, at trade shows, in television advertising, and through direct mail.

15. FUJIFILM's INSTAX products include the INSTAX Wide Series, INSTAX Mini Series, and most recently the INSTAX SQUARE, depicted above, which was launched in April 2017 worldwide, including the U.S. Images of packaging for representative INSTAX Mini and Wide products are shown below:

| FUJIFILM INSTAX Mini | FUJIFILM INSTAX Wide |
|---|---|
|  |  |

FUJIFILM INSTAX Mini Rainbow     FUJIFILM INSTAX Mini Monochrome

   

16. As shown above, images of photographs taken with INSTAX film and products are depicted on product packaging and associated marketing and promotional material for the INSTAX series of products. None of the above-depicted INSTAX Mini or Wide products are or ever have been the subject of allegations of infringement by Polaroid, despite its long knowledge of FUJIFILM's widespread sales and marketing of these instant film products in the USA.

## II. DEFENDANTS' EXPLICIT LITIGATION THREATS GIVING RISE TO THIS ACTION

17. Defendant PLR IP Holdings, LLC's predecessor, Polaroid Corporation, announced in February 2008 that it would stop producing film for Polaroid cameras.

18. In a letter dated January 13, 2017 sent to FUJIFILM Tokyo and Plaintiff FUJIFILM, PLR, via its counsel, alleged that the new square form factor of the instant camera film for FUJIFILM's INSTAX SQUARE camera is "essentially identical" to Defendants' purported rectangular Border Logo trademark and trade dress. At the time, FUJIFILM's INSTAX SQUARE product was not yet on the market, but had been

announced at various trade shows. A true and correct copy of the January 13, 2017 letter is attached herein as Exhibit B.

19. Subsequent to telephonic communications between the respective parties' counsel regarding the basis of Defendants' allegations, Defendants sent a second letter on March 24, 2017, again alleging that FUJIFILM's intended sale of the INSTAX SQUARE instant camera film "would constitute a clear infringement of" Defendants' rights. Further, Defendants threatened that "if Fujifilm does not immediately provide specimens of the proposed modified Instax SQUARE film or otherwise agree to the terms in our January 13, 2017 letter," Defendants would have "no choice but to take appropriate action to protect" their intellectual property rights. A true and correct copy of the March 24, 2017 letter is attached herein as Exhibit C.

20. In a letter dated April 3, 2017, counsel for FUJIFILM sent a response to Defendants' March 24, 2017 letter by stating that it "respects the valid intellectual property rights of its business partners" and that products in connection with the INSTAX SQUARE would not "constitute infringement of any kind." A true and correct copy of the April 3, 2017 letter is attached herein as Exhibit D.

21. FUJIFILM launched the INSTAX SQUARE camera and film in the U.S. on April 19, 2017.

22. On information and belief, in May 2017, Plaintiff PLR IP Holdings, LLC was acquired by a group of investors led by Wiaczeslaw (Slava) Smolokowski.

23. After initial business-to-business communications between Polaroid and FUJIFILM Tokyo, FUJIFILM received a letter from Defendants on June 6, 2017, in which Defendants reasserted accusations of trademark and trade dress infringement and

also set forth a royalty demand. A true and correct copy of the June 6, 2017 letter is attached herein as Exhibit E.

24. In the meantime, direct communications between the parties continued, and a face-to-face meeting was scheduled to take place in late August 2017. However, in advance of such meeting, FUJIFILM's counsel received a letter dated August 9, 2017, which began with the following sentence, which clearly articulated Defendants' intent to commence litigation: "[a]s we discussed, PLR does not consider this matter resolved and has been forbearing from further legal action." A true and correct copy of the August 9, 2017 letter is attached herein as Exhibit F.

25. Despite the overt threat of litigation, FUJIFILM Tokyo sought an amicable worldwide resolution and continued discussions with Defendants for several more months; however, on November 8, 2017, FUJIFILM Tokyo was notified that a negotiation meeting between the parties scheduled for the following day was canceled because the lead investor of Defendants, Mr. Smolokowski, expressly instructed Defendants to pursue litigation unless FUJIFILM complied with Defendants' demands.

26. Based on Defendants' continued explicit allegations of infringement as well as overt threats of litigation and royalty demands over the last several months, there presently exists an actual and justiciable controversy regarding FUJIFILM's right to make and sell its INSTAX SQUARE products free of allegations that such conduct constitutes an infringement of trademark or trade dress rights allegedly owned by Defendants.

**FIRST CLAIM FOR RELIEF**
**(Declaration that FUJIFILM's Use of the "Square Within A Square" Form Factor Does Not Infringe Any Trade Dress Rights of Defendants, Nor Does it Constitute Any Form of Unfair Competition Under 15 U.S.C. § 1125(a))**

27. FUJIFILM repeats and re-alleges each and every allegation in the preceding paragraphs of this Complaint.

28. FUJIFILM consistently applies its own distinctive trademarks to its instant camera and film products and to the packaging used for those products.

29. FUJIFILM does not use the "square within a square" form factor of its INSTAX instant film as a trademark, nor as any other indicia of the source of its products.

30. FUJIFILM's use of the "square within a square" form factor for its INSTAX instant film has not caused, nor is it likely to cause, confusion as to the source, affiliation, or sponsorship of FUJIFILM's products and services or Defendants' products or services.

31. FUJIFILM therefore requests a declaration from this Court that its use of the "square within a square" form factor for its INSTAX instant film does not infringe any trade dress owned by Defendants, nor does such continued use constitute any other form of unfair competition under 15 U.S.C. § 1125(a).

**SECOND CLAIM FOR RELIEF**
**(Declaration that FUJIFILM's Use of the "Square Within A Square" Form Factor Does Not Infringe Any Registered Trademarks of Defendants Under 15 U.S.C. § 1114**

32. FUJIFILM repeats and re-alleges each and every allegation in the preceding paragraphs of this Complaint.

33. FUJIFILM consistently applies its own distinctive trademarks to its instant camera and film products and their packaging, and does not use the "square within a

square" form factor of its INSTAX instant film as a trademark, nor as any other indicia of the source of its products.

34. FUJIFILM's use of the "square within a square" form factor for its INSTAX instant film has not caused, nor is it likely to cause, confusion as to the source, affiliation, or sponsorship of FUJIFILM's products and services or Defendants' products or services.

35. FUJIFILM therefore requests a declaration from this Court that its use of the "square within a square" form factor for its INSTAX instant film does not constitute infringement of any of the marks that are the subject of the PLR Trademark Registrations under 15 U.S.C. § 1114(1).

### THIRD CLAIM FOR RELIEF
### (Declaration that FUJIFILM's Use of the "Square Within A Square" Form Factor Does Not Constitute Any Form of Unfair Competition Under New York Law)

36. FUJIFILM repeats and realleges each and every allegation in the preceding paragraphs of this Complaint.

37. FUJIFILM's use of the "square within a square" form factor for its INSTAX instant film is not a trademark use and has not caused, nor is it likely to cause, confusion as to the source, affiliation, or sponsorship of FUJIFILM's products and services or Defendants' products or services.

38. FUJIFILM therefore requests a declaration from this Court that its use of the "square within a square" form factor for its INSTAX instant film does not constitute any form of unfair competition or deceptive trade practices under the law of the State of New York.

**FOURTH CLAIM FOR RELIEF**
**(Cancellation of the PLR Trademark Registrations – Non-Use Under 15 USC § 1064)**

39. FUJIFILM repeats and re-alleges each and every allegation in the preceding paragraphs of this Complaint.

40. Defendants do not currently use and have not used in commerce the marks that are the subject of the PLR Trademark Registrations for any of the subject goods set forth in the PLR Trademark Registrations.

41. Defendants have asserted their ownership of the PLR Trademark Registrations in making unfounded allegations of trademark infringement against FUJIFILM.

42. In view of Defendants non-use of the marks that are the subject of the PLR Trademark Registrations, the PLR Trademark Registrations should be cancelled pursuant to the provisions of 15 USC § 1064.

**FIFTH CLAIM FOR RELIEF**
**(Cancellation of the PLR Trademark Registrations – Functionality Under 15 USC § 1064)**

43. FUJIFILM repeats and re-alleges each and every allegation in the preceding paragraphs of this Complaint.

44. Like all instant films, the FUJIFILM INSTAX brand film at issue includes a thickened portion in the white border that surrounds the exposable portion of the film. This thickened portion, in the unexposed state, contains a fluid chamber that holds developing fluid. This chamber is compressed as the film exits the camera, causing the developing fluid to be spread across the exposed film portion as it exits, thus causing the instant film to develop. Such instant film with a thickened border region on one side of

the exposed portion of the film was the subject of numerous now-expired utility patents of Polaroid, and is purely functional.

45. The alleged "design" of an instant film border frame with a thickened portion that is the subject of the PLR Trademark Registrations is purely functional, as instant film necessarily requires a developing fluid reservoir in the film border and thus affects the use and purpose of FUJIFILM's (and all) instant film products and affects the cost and quality of such products.

46. Functional designs are unprotectable as either trademarks or trade dress.

47. The PLR Trademark Registrations should therefore be cancelled on grounds of functionality under 15 USC § 1064.

## **PRAYER FOR RELIEF**

WHEREFORE, FUJIFILM requests that the Court enter judgment as follows:

A. Declare that FUJIFILM's use of the "square within a square" form factor for its INSTAX instant film products does not infringe any alleged trade dress rights of Defendants and does not otherwise constitute any violation of 15 U.S.C. § 1125(a);

B. Declare that FUJIFILM's use of the "square within a square" form factor for its INSTAX instant film products does not infringe any registered trademarks of Defendants, nor otherwise constitute any violation of 15 U.S.C. § 1114(1);

C. Declare that FUJIFILM's use of the "square within a square" form factor for its INSTAX instant film products does not constitute any form of unfair competition, nor otherwise violate the law of the State of New York;

D.   Ordering the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 3,858,352 on grounds of non-use and/or functionality under 15 USC § 1064;

E.   Ordering the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 4,435,870 on grounds of non-use and/or functionality under 15 USC § 1064 ;

F.   Ordering the United States Patent and Trademark Office to cancel U.S. Trademark Registration No 4,388,462 on grounds of non-use and/or functionality under 15 USC § 1064;

G.   Ordering the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 4,304,206 on grounds of non-use and/or functionality under 15 USC § 1064;

H.   Ordering the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 4,550,864 on grounds of non-use and/or functionality under 15 USC § 1064;

I.   Find this case to be exceptional pursuant to 15 U.S.C. § 1117(a);

J.   Award FUJIFILM its attorneys' fees, expenses and costs incurred in this action, pursuant to 15 U.S.C. § 1117(a) and 28 U.S.C. § 1920; and

K.   Award to FUJIFILM such further relief as this Court deems just, proper and equitable.

Respectfully submitted, this 13th day of November, 2017.

                                      GREENBERG TRAURIG, LLP

                          By:  *s/James J DeCarlo*
                                James DeCarlo
                                DeCarloJ@gtlaw.com
                                Masahiro Noda
                                NodaM@gtlaw.com
                                Daniel I. Schloss
                                SchlossD@gtlaw.com
                                200 Park Avenue
                                New York, New York 10166
                                Tel:  (212) 801-9200

                           *Counsel for Plaintiff*
                           *FUJIFILM  North America Corporation*