

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

Suite 2800, 1100 Peachtree Street NE
Atlanta, GA 30309-4528
t 404 815 6500  f 404 815 6555

direct dial 404 815 6572
direct fax 404 541 3240
CHenn@kilpatricktownsend.com

January 5, 2022

**VIA ECF**

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

> Application granted.
>
> SO ORDERED.
>
> *signature*
> NAOMI REICE BUCHWALD
> UNITED STATES DISTRICT JUDGE
>
> Dated: New York, New York
> January 6, 2022

    Re:    *Fujifilm North America Corporation v. PLR IP Holdings, LLC et al.*,
            Case No. 1:17-cv-08796-NRB (S.D.N.Y.)

Dear Judge Buchwald:

      We write on behalf of Defendants/Counterclaim Plaintiffs PLR IP Holdings, LLC and PLR Brand Services, LLC, and Counterclaim Plaintiffs Impossible B.V. and Impossible America Corp. d/b/a Polaroid Originals (collectively, "Counterclaim Plaintiffs") in the above-referenced action. Pursuant to Rule 1A of Your Honor's Individual Practices, Counterclaim Plaintiffs move without opposition to substitute the following parties under Fed. R. Civ. P. 25(c):

- **Polaroid IP B.V.** should be substituted for PLR IP Holdings, LLC, because the latter assigned all relevant intellectual property to Polaroid IP B.V.;[1]

- The name of Impossible B.V. changed to **Polaroid Film B.V.**; and

- The name of Impossible America Corp. changed to **Polaroid America Corp.**

      Rule 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action." Fed. R. Civ. P. 25(c). Where a party's interest in an action has been transferred to a nonparty, a court may exercise its discretion to substitute the transferee for the original party in that action. *See Koehler v. Bank of Bermuda Ltd.,* M18-302, 2002 WL 1766444, at *2 (S.D.N.Y. July 31, 2002) (citing *State Bank of India v. Chalasani,* 92 F.3d 1300, 1312 (2d Cir. 1996)). Substitution may be ordered where "the transferee's presence would facilitate the conduct of the litigation." *Levin v. Raynor,* 03 CIV. 4697 (GBD)(THK), 2010 WL 2106037, at *2 (S.D.N.Y. May 25, 2010) (citing 7C Charles Allan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1958 (3d ed.2007) *and Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.,* 13 F.3d 69, 72 (3d Cir. 1993)). Here, the substitution would facilitate the conduct of the litigation

---

[1] The Assignment carries with it the right to recover "damages, restitution, and injunctive and other legal and equitable relief for *past*, present, and future infringement."

ANCHORAGE  ATLANTA  AUGUSTA  CHARLOTTE  DALLAS  DENVER  HOUSTON  LOS ANGELES  NEW YORK  RALEIGH  SAN DIEGO
SAN FRANCISCO  SEATTLE  SHANGHAI  SILICON VALLEY  STOCKHOLM  TOKYO  WALNUT CREEK  WASHINGTON  WINSTON-SALEM

January 5, 2022
Page 2

ensuring that the named parties are accurate.

      I conferred via email with Jim DeCarlo, counsel for Plaintiff and all Counterclaim Defendants (collectively, "Fujifilm"), and Fujifilm consents to the proposed substitution. For the forgoing reasons, we request that the Court grant this unopposed motion.

                                          Respectfully submitted,

                                          R. Charles Henn Jr.

cc:   All counsel of record (via ECF)