```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
FUJIFILM NORTH AMERICA
CORPORATION,

                Plaintiff,

        - against -

PLR IP HOLDINGS, LLC and PLR BRAND
SERVICES, LLC,

                Defendants,

---------------------------------------X
PLR IP HOLDINGS, LLC, PLR BRAND
SERVICES, LLC, POLAROID FILM B.V., and
POLAROID AMERICA CORP. d/b/a POLAROID
ORIGINALS,

        Counterclaim Plaintiffs,

        - against -

FUJIFILM NORTH AMERICA CORPORATION and
FUJIFILM CORPORATION,

        Counterclaim Defendants.
---------------------------------------X
```

**MEMORANDUM AND ORDER**

17 Civ. 8796 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

The Court presumes the parties' familiarity with the relevant facts, procedural history, and legal issues in this longstanding intellectual property dispute between Fujifilm North America Corporation and Fujifilm Corporation (together, "Fujifilm") and Polaroid IP B.V., PLR Brand Services, LLC, Polaroid Film B.V., and Polaroid America Corp. (together, "Polaroid"). Accordingly, the

Court recites facts related only to Fujifilm's pending motion for reconsideration, ECF No. 264.

On December 13, 2024, Fujifilm moved for summary judgment on six counterclaims asserted by Polaroid. ECF No. 205. After carefully reviewing the parties' lengthy motions and memoranda, the Court issued a fifty-five-page Memorandum and Order on August 25, 2025 (the "Decision"), ECF No. 263, granting in part and denying in part Fujifilm's motion. Specifically, the Decision (i) granted Fujifilm's motion to the extent that Polaroid's counterclaims are directed towards images of developed Instax Square film on Fujifilm's promotional materials, and (ii) denied Fujifilm's motion on Polaroid's remaining counterclaims. Decision at 54-55. Fujifilm moved for reconsideration on September 8, 2025. ECF Nos. 264-66. Polaroid opposed the motion, ECF Nos. 267-69, and Fujifilm filed a reply on September 29, 2025, ECF No. 270. Fujifilm submits that the Court committed "clear error" with respect to two aspects of the Decision: abandonment and judicial estoppel. ECF No. 265 at 1. Upon review, we find no such error. Accordingly, Fujifilm's motion is denied.

Reconsideration of a prior decision is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Jones v. Donnelly,

487 F. Supp. 2d 418, 419 (S.D.N.Y. 2007) (citation and quotation marks omitted).  A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (citation omitted).  Put differently, a motion for reconsideration is not an occasion for "repeating old arguments previously rejected." Salveson v. JP Morgan Chase & Co., 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) (citation and quotation marks omitted).  The resulting standard is strict: motions for reconsideration are limited to, and "will generally be denied" unless the moving party can identify, "controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Fujifilm fails to meet that standard and will not be granted a third bite at the apple.[1]

---

[1] The parties submitted two rounds of briefing on summary judgment.  The first round commenced on December 21, 2023, when Fujifilm filed a motion for summary judgment, ECF Nos. 147-54, and was complete on February 16, 2024, ECF Nos. 181-85.  The Court dismissed Fujifilm's motion without prejudice, determining that the parties' Rule 56.1 statements violated this Court's Local Rules.  See Fujifilm North America Corp., 17 Civ. 8796 (NRB), 2024 WL 3520231, at *2 (S.D.N.Y. July 24, 2024).  In addition, the Court offered "some guidance" with respect to a renewed motion for summary judgment, specifically directing

Fujifilm contends that the Court improperly conflated Polaroid's trade dress (three-dimensional configuration) and trademark (two-dimensional logo) rights with respect to Fujifilm's abandonment claim.  ECF No. 265 at 2-3.  Specifically, Fujifilm argues that only trade dress abandonment is at issue, and that any evidence proffered by Polaroid pertaining to its trademark use is irrelevant and should not have been considered by the Court.  Id. at 2-9.  Fujifilm claims that the Court "improperly allowed" trademark evidence in holding that genuine disputes of material fact precluded a finding of abandonment, and that Polaroid's cessation of film manufacturing suffices to constitute CBL trade dress abandonment.  Id. at 2-4.  This argument reflects Fujifilm's broader disagreement with the Court's analysis of Polaroid's trade dress and trademark rights in the CBL which, according to Fujifilm, led to multiple "infected" aspects of its ruling.  Id. at 7 n.1.

As an initial matter, and as Fujifilm is well-aware, Polaroid's asserted rights in the two-dimensional and three-dimensional configurations of the CBL were the subject of exhaustive briefing by both parties.  After considering the

---

the parties to address certain issues in the renewed motion.  ECF No. 189 at 1-4.  The Court also requested that Polaroid file a stipulation specifying its intellectual property claims and the "source of its asserted right."  Id. at 2.  After Polaroid did so, the Court informed the parties that it "d[id] not require further briefing or clarification[.]"  ECF No. 200.

parties' submissions, the Decision specifically defined "CBL" to "encompass the three-dimensional configuration of Polaroid instant film, two-dimensional depictions of that film, and any line drawings depicting Polaroid instant film." Decision at 12-13 n.12. Fujifilm does not, because it cannot, identify any "controlling decisions or data" that the Court "overlooked." Shrader, 70 F.3d at 257. To the contrary, Fujifilm's familiar argument that Polaroid's evidence of trademark use is irrelevant is predicated on its parsing of Polaroid's trademark and trade dress rights. That distinction was extensively briefed by both parties, carefully contemplated by the Court, and rejected as "unpersuasive." Decision at 32. Accordingly, the Court considered Polaroid's evidence of trademark use, including post-2011 licensing and enforcement activities, and found it "sufficient to raise a genuine issue of material fact" with respect to abandonment. Id. at 14-18. What Fujifilm attempts to ascribe to oversight amounts to nothing more than a disagreement with the Court's conclusion. Such disgruntlement does not warrant reconsideration.

Next, Fujifilm recycles its argument that goodwill cannot preserve rights absent intent to resume use. ECF No. 265 at 9-10. This argument was addressed by the Decision, in which the

Court found that Polaroid's evidence raised "a genuine issue of material fact" pertaining to ongoing goodwill and intent to resume use. Decision at 18-19. Rather than identifying any "controlling decisions or data" that the Court "overlooked," Fujifilm instead contends that the Court "misapplied" Defiance Button Mach. Co. v. C&C Metal Prods. Corp., 759 F.2d 1053 (2d Cir. 1985). ECF No. 265 at 9-10. Bare assertions of misapplication are an inappropriate predicate for a motion for reconsideration, and thus this assertion is rejected as a ground for reconsideration.

 Finally, Fujifilm argues that "clear error" exists with respect to the Court's finding that genuine issues of material fact precluded Fujifilm from prevailing on a functionality defense due to judicial estoppel. Id. at 10-12. Specifically, Fujifilm contends that the Decision erred in finding that "by seeking a design patent from the PTO, Fujifilm represented that the border for its analog instant film was not primarily functional, but sufficiently ornamental, and the PTO relied on this representation when it issued a design patent." Decision at 26. Fujifilm again fails to identify a single "controlling" decision or datapoint that the Court "overlooked." Shrader, 70 F.3d at 257. Indeed, Fujifilm relies exclusively on materials already submitted to the Court, including its own summary judgment papers and the case law

contained therein, as well as the parties' stipulation.  ECF No. 265 at 10-12 (citing ECF Nos. 203, 229, 232, 255).  Those materials were considered by the Court, cited to in its fifty-five-page Memorandum and Order, and served as the basis for its conclusion that a genuine issue of material fact precluded Fujifilm from prevailing on a functionality defense.

In sum, Fujifilm fails to identify any "controlling" decision or datapoint that the Court "overlooked" in its Decision.  The Court declines to reconsider recycled arguments, and Fujifilm's motion is denied.  The Clerk of the Court is respectfully directed to terminate the motion pending at ECF No. 264.

Dated:   October 31, 2025
         New York, New York

_____
       NAOMI REICE BUCHWALD
     UNITED STATES DISTRICT JUDGE